# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL FINANCIAL SERVICES OF ILLINOIS, INC., an Illinois corporation, ) ) ) ) | |
| Plaintiff, ) ) | No. 02 C 3518 |
| v. ) ) | Mag. Judge Michael T. Mason |
| RIVERSIDE MORTGAGE COMPANY, INC., an Arkansas corporation, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, American General Financial Services of Illinois, Inc. ("plaintiff" or "American General Illinois") filed an action for declaratory relief and breach of contract against defendant Riverside Mortgage Company, Inc. ("Riverside"). American General Illinois moved for summary judgment. For the following reasons, we deny plaintiff's motion for summary judgment.

**Background**[1]

On February 16, 2001, Riverside entered into a Purchase and Sale Agreement with American General Finance, Inc., a Delaware corporation ("American General Delaware"). Pursuant to the contract, American General Delaware purchased several mortgage secured loans from Riverside, two of which are the subject of this litigation. In particular, American General Delaware purchased a note and mortgage purportedly executed by Kurt Bulawa

---

[1] Unless otherwise noted, the facts in this section are undisputed. Because the parties did not strictly comply with Local Rule 56.1, the facts are pieced together from the parties' summary judgment briefs and the exhibits attached thereto.

and a note and mortgage purportedly executed by Amanda Spendel.[2] Riverside assigned all of its rights, title and interest in the Bulawa and Spendel notes and mortgages to American General Delaware on February 16, 2001. The Bulawa note and mortgage are secured by residential property located at 23006 East Drive, Richton Park, Illinois. The Spendel note and mortgage are secured by residential property located at 586 Saratoga, Chicago Heights, Illinois.

Both the Bulawa and Spendel notes have been delinquent since May 2001. The Bulawa and Spendel notes and mortgages are the subject of this litigation because they were allegedly procured by fraud. The parties dispute whether these mortgages and notes are enforceable.

On July 11, 2001, Amanda Spendel signed an Affidavit of Forgery swearing that she did not sign the promissory note associated with the Chicago Heights property and she did not know who forged her signature. On July 20, 2001, American General Delaware sent a formal demand letter to Riverside in which it asked Riverside to repurchase the Spendel note and mortgage pursuant to the terms of the contract between the parties. Riverside refused. Subsequently, on August 6, 2001, American General Delaware sent another formal demand letter asking Riverside to repurchase the Bulawa note and mortgage pursuant to the terms of the contract. Again, Riverside refused.

Both demand letters asked Riverside to repurchase the Bulawa and Spendel notes

---

[2] Exhibit D to the February 21, 2001 contract purportedly lists the mortgage secured loans that Riverside sold to American General Delaware. However, neither the contract attached to the complaint nor the contract attached to Riverside's response brief include Exhibit D. Nevertheless, the parties appear to agree that the Bulawa and Spendel notes and mortgages were sold to American General Delaware pursuant to the contract.

and mortgages pursuant to ¶ 11 of the contract. The relevant portion of ¶ 11 provides:

11. SELLER'S WARRANTIES REGARDING THE RECEIVABLES

    a. .... Seller represents and warrants to Buyer, which representations and warranties shall survive the execution and closing of this Agreement, that as of the Contract Date and the Closing Date:

        (x) All of the Receivables, together with any instruments securing the same are genuine, valid and complete, were made for valuable considerations and are legally enforceable obligations of the respective persons shown as indebted thereon, in accordance with their terms.

    c. In the event of any breach or breaches of any of the foregoing warranties, Seller will, within 30 days after written demand, pay Buyer [sic] purchase price listed on Exhibit D of the then Net Outstanding Balance of the affected Receivable(s).

In a separate criminal action brought by the United States against defendant Valerie Fortner in the Northern District of Illinois, Ms. Fortner admitted in a plea agreement that she fraudulently obtained mortgage loans secured by several residential properties, including 23006 East Drive, Richton Park, Illinois and 598 Saratoga, Chicago Heights, Illinois.[3] The plea agreement was filed on April 1, 2004. Fortner also admitted that she fraudulently caused Riverside, among other mortgage companies, to issue mortgage loans based upon documents that often contained forged signatures from alleged borrowers and false and fraudulent information related to the alleged borrowers' finances, employment and familial situation.

Plaintiff, American General Illinois, filed its complaint in the district court on May 16, 2002, alleging that Riverside breached its contractual obligation to repurchase the subject

---

[3] It is unclear whether the reference to 598 Saratoga in the plea agreement is a typo and should read 586 Saratoga, the property associated with the Spendel note and mortgage.

loans upon demand. American General Illinois also asked the Court to declare the rights and responsibilities of the parties to this action as they relate to performance of the contract. Riverside filed an affirmative defense alleging that American General Illinois has no standing to seek remedies for breach of contract or request a declaration of its rights under the February 16, 2001 contract because American General Illinois is not a party to the contract. Riverside further alleged that no contract exists between Riverside and American General Illinois.

The parties also dispute whether American General Illinois is the holder of the Bulawa and Spendel notes and mortgages. Riverside contends that American General Illinois has not established that it is the holder of these notes and mortgages. American General Illinois argues that the affidavits of Michael Walsh, an authorized agent of American General Illinois, show that the subject notes and mortgages were assigned by American General Delaware to American General Illinois.[4] In the affidavits submitted in support of plaintiff's motion, Mr. Walsh states that American General Illinois controls the right, title and interest of the Bulawa and Spendel notes and mortgages, as it is the servicing arm of American General Delaware. Mr. Walsh further states that the servicing rights for these notes and mortgages were internally transferred between the related corporate entities to American General Illinois in 2002.

However, under Federal Rule of Civil Procedure 56(e), supporting and opposing

---

[4] Michael Walsh states that he is the Director of Operations for American General Financial Services Corp. However, neither Mr. Walsh nor the plaintiff identifies this entity or explains how it is related to either American General Illinois or American General Delaware. Moreover, plaintiff fails to explain the corporate relationship, if any, between American General Illinois and American General Delaware.

4

affidavits must "set forth such facts as would be admissible in evidence . . . ." Fed. R. Civ. P. 56(e). To be admissible in evidence, the affidavits must be "accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public . . . ." Fed. R. Evid. 902(8). The Walsh affidavits are unsigned and they are not notarized. Thus, the affidavits are not admissible as evidence under Rule 56(e) and we will not consider them. *Howard-Ahmad v. Chicago Sch. Reform Bd. of Trustees*, 161 F. Supp. 2d 857, 861 (N.D. Ill. 2001). We will also disregard any factual contentions plaintiff supports by reference to these affidavits. *See Mingo v. Roadway Express, Inc.,* 135 F. Supp. 2d 884, 893-94 (N.D. Ill. 2001); *Bell Enters. Venture v. Santanna Natural Gas Corp.,* 2002 U.S. Dist. LEXIS 19460 (N.D. Ill. 2002) (recognizing that the Court must disregard factual contentions which are conclusory or unsupported by the record or admissible evidence).

**Legal Analysis**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party has the burden of demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323. "A genuine issue of material fact exists only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Alexander v. Dept. of Health and Family Services*, 263 F.3d 673, 680 (7th Cir. 2001). When making this determination, we review the record in the light most favorable to the nonmovant, and draw all reasonable inferences in favor of the nonmovant. *Id.*

Here, American General Illinois moved for summary judgment on its breach of contract and declaratory relief counts. The breach of contract counts arise out of Riverside's alleged breach of the February 16, 2001 contract Riverside entered into with American General Delaware. Plaintiff's request for declaratory relief asks the Court to declare the rights and responsibilities of the parties to this action as they relate to performance of the February 16, 2001 contract. However, American General Illinois is not a party to that contract.

"Generally, only parties to a contract or those in privity with the parties have rights under the contract." *OEC-Diasonics v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996).[5] Those not party to a contract may enforce the contract only if they demonstrate that they are third-party beneficiaries. *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001). American General Illinois does not claim that it is a party to the February 16, 2001 contact, nor does it argue that it was in privity with the parties to that contract. Furthermore, American General Illinois makes no attempt to demonstrate that it is a third-party beneficiary of the contract.

Instead, American General Illinois contends that it is the true and lawful owner of the Bulawa and Spendel notes and mortgages and that American General Delaware assigned those notes and mortgages to it. Even if these facts were supported by an admissible affidavit, which they are not, American General Illinois still has not demonstrated that it has standing to seek remedies for breach of contract or request a declaration of its rights under the February 16, 2001 contract. Indeed, American General Illinois has failed to show that

---

[5] Pursuant to ¶ 23 of the February 16, 2001 contract, Indiana law governs.

it has any rights under the February 16, 2001 contract because it is not a party to the contract, it is not in privity with the parties, nor is it a third-party beneficiary. *See Kaplan v. Shure Bros.*, 266 F.3d 598 (7th Cir. 2001).

Nevertheless, there are two contractual provisions under which American General Illinois potentially could demonstrate a right to seek the relief requested in its complaint. In particular, pursuant to ¶ 19 of the contract, as a subsidiary or affiliate of American General Delaware, American General Illinois could obtain all the benefits and obligations of the contract if it purchased one of the receivables (*i.e.*, the notes and mortgages). Paragraph 19 of the February 16, 2001 contract provides:

> If a subsidiary or affiliate of Buyer purchases a Receivable, the subsidiary or affiliate shall have all the benefits and obligations of this Agreement including but not limited to the benefits of the covenants, representations and warranties made by Seller, and shall have the authorizations, rights and powers granted by the Seller, with respect to the Receivable.

American General Illinois has not submitted any evidence demonstrating that it purchased either the Bulawa note and mortgage or the Spendel note and mortgage. Accordingly, plaintiff has not demonstrated a right to seek contractual or declaratory relief pursuant to ¶ 19 of the contract.

Under ¶ 26 of the contract, American General Illinois could demonstrate a right to seek contractual or declaratory relief if it established that it is a transferee, successor or assignee. Paragraph 26 of the contract provides:

> All terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties to the Agreement and their respective transferees, successors, and assigns.

American General Illinois offers no evidence nor does it even argue that American

7

General Delaware assigned or transferred the February 16, 2001 contract to it.[6] Furthermore, there is no evidence that American General Illinois is a successor of American General Delaware. *See Markham v. Prutsman Mirror Co.*, 565 N.E.2d 385, 386-387 (Ind. Ct. App. 1991) (recognizing that a successor, with reference to corporations, generally means another corporation which, through amalgamation, consolidation, or other legal succession, becomes invested with rights and assumes burdens of first corporation). Accordingly, plaintiff has not demonstrated a right to seek relief pursuant to ¶ 26 of the contract. *Id.* at 387 (recognizing that the cross-claimant had no standing to enforce rights under an asset purchase agreement because cross-claimant was not a successor or assignee under the agreement)*; see also, Kaplan v. Shure Bros.*, 266 F.3d 598, 2001 U.S. App. LEXIS 19610, *20-25 (7th Cir. 2001) (holding that the plaintiff lacked standing to enforce rights under a real estate contract because plaintiff was not a party to that contract and he failed to produce evidence demonstrating that the contract was assigned to him).

It is well settled that to recover for breach of contract, a plaintiff must prove that a valid contract existed between the parties. *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 2004 U.S. Dist. LEXIS 17945, *12 (N.D. Ind. 2004) (relying on Indiana law). American General Illinois has failed to establish this most fundamental

---

[6] At best, plaintiff claims that American General Delaware assigned the Bulawa and Spendel notes and mortgages to it and transferred the servicing rights for the subject notes and mortgages to it. However, we must disregard these contentions because American General Illinois relies on inadmissible affidavits and we found no other evidence in the record to support these contentions. *See Mingo,* 135 F. Supp. 2d at 893-94; *Bell,* 2002 U.S. Dist. LEXIS 19460.

element of its breach of contract claims. Indeed, plaintiff has not shown that it is a party to the contract, that it is in privity with the parties or that it is a third-party beneficiary. Furthermore, American General Illinois failed to demonstrate that it has standing to enforce any rights under the February 16, 2001 contract as an assignee, transferee or successor. *Markham*, 565 N.E.2d at 387. Simply put, American General Illinois has not established all of the essential elements of its breach of contract claims or the right to seek declaratory relief under the contract. Accordingly, American General Illinois is not entitled to summary judgment.[7]

**Conclusion**

For the reasons set forth above, plaintiff's motion for summary judgment is denied. It is so ordered.

ENTER:

**MICHAEL T. MASON**
**United Stated Magistrate Judge**

Dated: May 19, 2005

---

[7] Plaintiff's failure to establish that it is a party to the contract or that it otherwise has standing to enforce any rights under the February 16, 2001 contract obviates the need to discuss breach or damages issues.

9